## COLORADO MILLING & ELEVATOR CO. v. AMERICAN CYANAMID CO. et al.

### No. 6157.

United States District Court
W. D. Missouri, W. D.

Feb. 15, 1951.

See also, D.C., 10 F.R.D. 611.

John W. Hudson, Kansas City, Mo., Paul H. Heineke, Chicago, Ill., Swofford, Schroeder & Shankland and Ben W. Swofford, all of Kansas City, Mo., for American Cyanamid Co.

Watson, Ess, Whittaker, Marshall & Enggas and Douglas Stripp, all of Kansas City, Mo., for defendants American Cyanamid Co. and Cook Chemical Co.

Tucker, Murphy, Wilson & Siddens and John Murphy, all of Kansas City, Mo., for defendant Cook Chemical Co.

REEVES, Chief Judge.

Memorandum Opinion on Motion of the Defendant "For a Joinder of Necessary Parties Under Rules 17(a), 19(b) and 21 [Fed.Rules Civ.Proc. 28 U.S.C.A.].

This motion is based upon information that the plaintiff on account of its alleged loss, was not only insured against said loss but had actually been reimbursed or indemnified by its insurance carriers. It is the theory of the defendant, therefore, that, perforce the ruling of the Supreme Court, in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, loc. cit. 381, 70 S.Ct. 207, upon motion, the plaintiff should be required to join the insurance carriers as the real parties in interest.

The case cited is based upon express statutes relating to the right to sue the government under the Tort Claims Act, 28 U.S.C.A. §§ 1291, 1346, 1602, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680, whereas, in the case at bar, the litigation is private and would be controlled by the laws of Missouri. The laws of Missouri permit an assignee, or one in a representative capacity, to bring suit in lieu of the real party in interest and the beneficiary need not be made a party.

In this case, the plaintiff has a right to sue for the damages claimed to have accrued to it because of the alleged negligence of the defendant, and, even though it had been indemnified by its insurance carriers, yet it has a right to maintain the action under the laws of Missouri, without bringing in its insurers as subrogees. Under familiar practice it may recover, and then settle with its insurers. It would follow, therefore, that the motion to join other parties should be and will be overruled.